UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH LAUE,** | * | **CIVIL ACTION** |
| **PETITIONER** | * | |
| | * | **NO. 25-cv-0490** |
| **VERSUS** | * | |
| | * | **SECTION "T" (5)** |
| **TIM HOOPER, WARDEN,** | * | |
| **RESPONDENT** | * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

<u>OVERVIEW</u>

Joseph Laue is a state prisoner incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He is serving a life sentence as a result of his conviction for second degree murder (La. R.S. 14:30.1) and other offenses. Laue has petitioned this Court for a writ of habeas corpus, contending his incarceration is in violation of his rights under the United States Constitution.

Because Laue's petition is untimely, the Court should dismiss the petition with prejudice and otherwise deny relief.

## **TABLE OF CONTENTS**

OVERVIEW..................................................................................................................1

PRELIMINARY MATTERS........................................................................................3

TIMELINESS...............................................................................................................6

    1.    The one-year period of limitations commenced to run on February 16, 2022...................................................................................6

    2.    The one-year period of limitations expired on February 16, 2023..........7

    3.    The habeas corpus petition was filed January 15, 2025..........................7

    4.    The petitioner shows no basis for excusing his non-compliance with the period of limitations..................................................................8

RESERVATION OF RIGHTS......................................................................................9

CONCLUSION AND PRAYER.................................................................................10

CERTIFICATE OF SERVICE...................................................................................10

<u>PRELIMINARY MATTERS</u>

1. **Custody.**

The respondent does not dispute that the petitioner is in custody.

2. **The state court record.**

The respondent has filed, along with this Response, the complete state court record which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

3. **The facts of the case.**

The details of the petitioner's offense are not pertinent to the resolution of his petition.

4. **The petitioner's claims.**

The claims raised in the habeas petition are not pertinent to the resolution of his petition.

5. **Facts relevant to the calculation of the period of limitations.**

    A. **Proceedings leading to conviction and sentence.**

| | | |
|---|---|---|
| Feb. 5, 2018. | The petitioner is indicted for second degree murder (Count 1), distribution of heroin (Count 2), possession of heroin with intent to distribute (Count 3), and possession of suboxone with intent to distribute (Count 4). | SCR, Vol. 1, pp. 83-84 |
| Sept. 23-26, 2019 | The petitioner is tried; a jury finds him guilty as charged on Counts 1-3 and guilty of a lesser offense on Count 4. | SCR, Vol. 1, pp. 60-75. |
| Sept. 21, 2018 | The petitioner is sentenced, as follows: life (Count 1), 25 years (Count 2), 25 years (Count 3), and two years (Count 4), all concurrent. | SCR, Vol. 1, pp. 76-77. |

**B.  Direct review proceedings.**

| Nov. 6, 2019 | Petitioner moves for appeal. | SCR, Vol. 2, pp. 171-172. |
|---|---|---|
| Dec. 30, 2020 | The Louisiana First Circuit Court of Appeal affirms petitioner's convictions and sentences as to Counts 1, 2, and 3; reverses and remands as to Count 4. *State v. Laue*, 20-0225 (La. App. 1 Cir. 12/30/20), 326 So.3d 267.[1] | SCR, Vol. 7, pp. 200-220. |
| Jan. 13, 2021 | The petitioner timely applies for rehearing. | SCR, Vol. 7, pp. 187-198. |
| Aug. 2, 2021 | The First Circuit Court of Appeal denies the application for rehearing. | SCR, Vol. 7, pp. 225. |
| Sept. 1, 2021 | The petitioner timely seeks supervisory review from the Louisiana Supreme Court. | SCR, Vol. 8, pp. 2-36. |
| Nov. 17, 2021 | The Louisiana Supreme Court declines to exercise its supervisory jurisdiction. *State v. Laue*, 21-1329 (La. 11/17/21), 327 So.3d 993. | SCR, Vol. 8, pg. 1. |

After the denial of writs by the Louisiana Supreme Court, the petitioner sought certiorari review from the United States Supreme Court. See Exhibit 1 (copy of petition for certiorari, no. 21-7384).[2] The petition for certiorari was filed March 10, 2022, and is dated by the petitioner as having been submitted March 3, 2022. Exhibit 1, pp. 1, 32. The United States Supreme Court denied certiorari on April 25, 2022. *Laue v. Louisiana*, 142 S. Ct. 2659 (2022).

---

[1]  The conviction on Count 4 was reversed on grounds that the verdict was not unanimous. The district attorney later entered a *nolle prosequi* as to Count 4.

[2]  Available online:   http://www.supremecourt.gov/DocketPDF/21/21-7384/218665/20220317145213988_20220316-162304-00002541-00008466.pdf

### C. Collateral review proceedings.

| | | |
|---|---|---|
| March 27, 2023 | The petitioner files an application for post-conviction relief. | SCR, Vol. 9, pp. 57-89. |
| April 5, 2023 | The state district court directs the district attorney to answer the application for post-conviction relief. | SCR, Vol. 9, pg. 101. |
| May 5, 2023 | The petitioner submits more exhibits at the request of the district court. | SCR, Vol. 9, pp. 102-114. |
| Jan. 25, 2024 | The state district court denies the application for post-conviction relief. | SCR, Vol. 9, pp. 115-123. |
| Feb. 22, 2024 | The petitioner requests that the trial court set a return date; the trial court sets a date of May 15, 2024. | SCR, Vol. 9, pp. 125-135. |
| May 11, 2024 | The petitioner timely seeks review from the Louisiana First Circuit Court of Appeal. | SCR, Vol. 10, pp. 3-38. |
| Aug. 12, 2024 | The Louisiana First Circuit Court of Appeal declines to exercise its supervisory jurisdiction. *State v. Laue*, 24-0438 (La. App. 1 Cir. 8/12/24), 2024 WL 3755580. | SCR, Vol. 10, pp. 1-2. |
| (?)* | The petitioner seeks further review from the Louisiana Supreme Court. | SCR, Vol. 11, pp. 2-26. |
| Dec. 27, 2024 | The Louisiana Supreme Court rules as follows: "Writ application not considered. Not timely filed." *State v. Laue*, 24-1186 (La. 12/27/24), 397 So.3d 1218. | SCR, Vol. 11, pg. 1. |

---

\* The petitioner's writ application is accompanied by a cover letter dated September 10, 2024, and is accompanied by a certificate of service which lists a date of "this 10th day of September, 2024." But it was not mailed until September 24, 2024. See SCR, Vol. 11, pp. 2, 26, 29, 146.

The petitioner realized this, and wrote a letter to the Louisiana Supreme Court advising them that "even though I placed the writ application in the prison mail on September 10, 2024, it was not mailed by Elayn Hunt until September 24, 2024" and asking "that my September 10, 2024 filing be considered in light of the prison mailbox rule." SCR, Vol. 11, pg. 150.

TIMELINESS

The respondent respectfully submits that Laue's habeas corpus petition is time-barred.

**1. The one-year period of limitations commenced to run on February 16, 2022.**

A petitioner must file a habeas corpus petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] As is pertinent here, the judgment becomes final "when [the petitioner] has exhausted his state appeals and … the time for requesting certiorari has passed."[4]

In this case, the petitioner exhausted right to direct review in the state court system when the Louisiana Supreme Court denied writs on November 17, 2021 (SCR, Vol. 8, pg. 1). The petitioner had ninety days[5]—or until February 15, 2022—to seek writs of certiorari from the United States Supreme Court. He did not do so.

The petitioner did seek writs of certiorari from the United States Supreme Court. But he did not do so until March 3, 2022. By then, the time for requesting certiorari had already passed.

The late-filed certiorari petition had no impact on the date his conviction and sentence became final for purpose of 28 U.S.C. § 2244(d). *See Catchings v. Fisher*, 815 F.3d 207, 210 (5th Cir. 2016) (rejecting habeas petitioner's argument that "his one-year

---

3  There are exceptions to this general rule, but none apply here.

4  Paredes v. Quarterman, 574 F.3d 281, 287 (5th Cir. 2009).

5  See 28 U.S.C. § 2101(d) ("The time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case shall be as prescribed by rules of the Supreme Court."); SUP.CT. R. 13 (a petition is timely if filed within ninety days after entry of judgment).

limitations period did not begin until [his] late petition was denied").

The judgment became final on February 15, 2022. The one-year period of limitations commenced to run the following day—February 16, 2022. In order for the petitioner's habeas corpus petition to be timely filed, it had to be filed on or before February 16, 2023, unless that period was extended through tolling.

### 2. The one-year period of limitations expired on February 16, 2023.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "pending" from "the day it is filed through (and including) the day it is resolved."[6]

A review of the district court record shows that the petitioner did not file an application for State post-conviction or other collateral review (or anything else) on or before February 16, 2023. He did file an application for post-conviction relief, but that application was not filed until March 27, 2023 (SCR, Vol. 9, pp. 57-89). This application did not and could not toll the period of limitations because the period of limitations expired more an a month before that application was filed.

### 3. The habeas corpus petition was filed January 15, 2025.

The instant habeas corpus petition was filed January 15, 2025 (Rec. Doc. 1). It was not timely filed because January 15, 2025 is not on or before February 16, 2023.

---

6   Windland v. Quarterman, 578 F.3d 314, 315 (5th Cir. 2009).

### 4. The petitioner shows no basis for excusing his non-compliance with the period of limitations.

### A.

Equitable tolling of the one-year period of limitations is warranted when petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[7] There is no basis for concluding that either of these things occurred in this case.

*Diligence.* The petitioner became eligible to apply for post-conviction relief once the Louisiana Supreme Court denied his writ application on direct review. *See* La. C.Cr.P. art. 924.1 ("An application for post conviction relief shall not be entertained if ... an appeal is pending"); La. C.Cr.P. art. 922(D) (an appeal ceases to be pending once the Louisiana Supreme Court denies writs). The Louisiana Supreme Court denied writs on November 17, 2021. The petitioner could have filed an application for post-conviction relief as soon as November 18, 2021. He filed his application on March 27, 2023—more than sixteen months later.

Even if the date of the denial of the (untimely) petition for certiorari is considered, the petition for certiorari was denied on April 25, 2022. Again, the application for post-conviction relief was filed on March 27, 2023—more than eleven months after the petition for certiorari was denied.

This is not diligence. *See, e.g., Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (collecting and discussing cases concerning the diligence requirement).

---

[7] Holland v. Florida, 560 U.S. 631 (2010) (citation omitted).

*Extraordinary circumstance.* The record shows no extraordinary circumstance which stood in the petitioner's way and prevented timely filing.

**B.**

The one-year period of limitations may also be bypassed upon a showing of actual innocence based upon "new reliable evidence" that was "not presented at trial."[8] The petitioner has presented no new evidence in support of a claim of factual innocence. He necessarily fails to make the showing necessary to authorize the Court to bypass the statute of limitations.

\* \* \*

Joseph Laue's habeas corpus petition was filed January 15, 2025 (ECF Doc. 1). The period of limitations, however, expired on February 16, 2023 (§§ 1-2, above) and no exception to the period of limitations applies (§ 4, above). The habeas corpus petition is therefore untimely.

RESERVATION OF RIGHTS

The respondent, Tim Hooper, asserts that the petition of Joseph Laue should be dismissed because his petition is untimely. Accordingly, the respondent does not address the issues of exhaustion, or procedural default, or the merits of the petitioner's claims. However, the respondent does not expressly waive any procedural objections or defenses and would respectfully reserve the right to submit additional documentation, procedural objections, defenses, and/or argument on the merits should this Court order additional briefing.

---

8  Floyd v. Vannoy, 894 F.3d 143, 154-155 (5th Cir. 2018).

## CONCLUSION AND PRAYER

For the reasons explained above, the habeas corpus petition is untimely. Respondent therefore respectfully requests that this Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a copy, postage pre-paid, to:

> Joseph Valchez Laue, # 581152
> Elayn Hunt Correctional Center
> 6925 Highway 74
> St. Gabriel, LA 70776

This 2nd day of May, 2025, Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan
Assistant District Attorney
