U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   Aug 4 2025

CAROL L. MICHEL
CLERK

cf   Mail

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH V. LAUE #520423 | CIVIL ACTION NO. 25-490 |
| VERSUS | SECTION "T" (5) |
| | JUDGE GREG G. GUIDRY |
| TIM HOOPER, WARDEN | MAGISTRATE MICHAEL B. NORTH |

## NOTICE OF PENDENCY OF ACTION AND REQUEST FOR STAY

**MAY IT PLEASE THE COURT:**

Petitioner, Joseph V. Laue, pro se, is providing notice to the court of the pendency of an action recently filed in the 22ND Judicial District Court, St. Tammany Parish, and respectfully requests that this matter be stayed and held in abeyance until the conclusion of Mr. Laue's exhausting two new interpretations of constitutional law that were recently handed down by the Louisiana Supreme Court. Petitioner further asserts:

1. On January 16, 2025, Petitioner filed his first 2254 habeas corpus application in the Middle District, which was subsequently transferred to this Court *sua sponte*.

2. The State has recently filed its response to Mr. Laue's petition.

3. Petitioner is not aware of any further activity since the State filed its response.

4. Since the filing of Mr. Laue's 2254 Petition on January 16, 2025, Mr. Laue asserts that the Louisiana Supreme Court has issued two theretofore unknown interpretations of constitutional law, that have become final, both of which directly impact Laue's case. Those two cases are: (1) *State v. West*, 2024-0133 (La. 1/28/25), 399 So. 3d 405 (Mem); and (2) *State v. Bartie*, 2024-00897 (La. 2/6/25), 400 So. 3d 896.

5. *West* became final two weeks after Mr. Laue's filing. *Bartie* became final approximately three weeks after Mr. Laue filed his habeas petition.

6. Louisiana Code of Criminal procedure article 930.8 (A)(2) allows an exception to the two year time limitation for filing post conviction relief when "[T]he claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling."

7. Mr. Laue has filed a post conviction relief application under this article based on *West* and *Bartie* interpretations.[1] Laue desires to fully exhaust his state remedies prior to this Court's reviewing same.

8. The United States Supreme Court has held that district courts may order a stay and abeyance of mixed petitions "in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 270, 125 S. Ct. 1528, 161 L .Ed.2d 440 (2005). While the AEDPA requires exhaustion of state remedies and imposes a statute of limitations, the limitations period is tolled during the pendency of a state application for habeas review. However, it is not tolled by the filing of a federal petition for habeas review. *Id.* at 274, 125 S. Ct. 1528 (citing 28 U.S.C. §§ 2254(b)(1)(A), 2244(d)). Because an application for federal habeas review is not an "application for State post-conviction or other collateral review," the time for filing a federal habeas petition is not tolled during the pendency of a petitioner's first federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L. Ed.2d 251 (2001). This "provides a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts." *Id.*

---

1  **Exhibit 1**, Post Conviction Relief Application and Memorandum

9. Recognizing that the AEDPA's exhaustion requirement and statute of limitations may cause petitioners who file mixed petitions in federal court to "run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the *Rhines* Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court and subsequently return to federal court for review of his petition. *Rhines*, 544 U.S. at 275, 125 S.Ct. 1528. A district court should grant a stay and abeyance of a mixed petition if (1) the petitioner had "good cause" for failing to exhaust his habeas claims in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278, 125 S.Ct. 1528.

10. Mr. Laue requests that this matter be stayed until resolution of his recently filed post conviction application.

11. Petitioner asserts that a stay would also preserve judicial resources and promote comity between the State and Federal courts.

WHEREFORE, Petitioner, Joseph V. Laue, prays that the Court take notice of the pending claim filed in 22ND Judicial District Court, St. Tammany Parish, Louisiana, and that his request to stay this matter until exhausting state remedies.

Respectfully submitted this 29 day of July, 2025.

_____
JOSEPH V. LAUE #520423
ELAYN HUNT CORR. CENTER
6925 HIGHWAY 74
ST. GABRIEL, LA 70776

[AFFIDAVIT AND CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

## AFFIDAVIT / CERTIFICATE OF SERVICE

I hereby certify that the allegations in the foregoing are true and correct to the best of my knowledge, information, and belief.

I further certify that a copy of the above and foregoing has been served on:

Clerk of Court
United States Eastern District of Louisiana
500 Poydras Street, Rm. C151
New Orleans, LA 70130

St. Tammany Parish District Attorney
Attn: Matthew Caplan
701 N Columbia Street
Covington, LA 70433

Elizabeth Murrill
Attorney General of Louisiana
1885 North 3rd Street
Baton Rouge, LA 70804-9005

by placing a copy of same in a properly addressed envelope in the United States Mailbox located in the Unit 2 Security Office along with a Withdrawal Slip for the costs of postage in accordance with the institution's rules and procedures for legal mail.

Done this 29 day of July, 2025.

_____
Joseph V. Laue #520423