# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**JOSEPH LAUE,**          *          CIVIL ACTION
    **PETITIONER**          *
        *          **NO. 25-cv-0490**
**VERSUS**          *
        *          **SECTION "T" (5)**
**TIM HOOPER, WARDEN,**          *
    **RESPONDENT**          *

## RESPONDENT'S ANSWER TO MOTION FOR STAY

MAY IT PLEASE THE COURT:

Warden Hooper submits this opposition to petitioner Joseph Laue's request for stay (ECF. No. 17) pursuant to this Court's August 8 order (ECF No. 18).

Petitioner Joseph Laue seeks to stay his pending habeas corpus proceeding so that he may present new claims to the state courts before presenting them to this Court. Particularly, he asserts that "the Louisiana Supreme Court has issued two theretofore unknown interpretations of constitutional law, that have become final, both of which directly impact [his] case" (ECF Doc. 17, pg. 1, ¶ 4) and that he raised claims before the state courts pursuant to a state statute which permits consideration of otherwise untimely claims when "based upon a final ruling of an

appellate court establishing a theretofore unknown interpretation of constitutional law" and when the petitioner "establishes that this interpretation is retroactively applicable to his case" (ECF Doc. 17, pg. 2, ¶ 6).

The United States Supreme Court has held that new interpretations of constitutional law do not apply retroactively in habeas corpus proceedings. See Edwards v. Vannoy, 593 U.S. 255 (2021). This is true even though states may choose to apply new rules retroactively as a matter of state law. Id. at 271 n. 6.

The United States Supreme Court has held that, in habeas corpus proceedings, "stay and abeyance should be available only in limited circumstances." Rhines v. Weber, 544 U.S. 269, 277 (2005).

The limited circumstances described in Rhines v. Weber do not exist when a petitioner seeks only to add new claims to a petition that is untimely. See Nellon v. Cain, 10-4430 (E.D. La. 1/25/12), 2012 WL 1142539, at *3 ("if petitioner's protective federal application was already untimely when filed, a stay is not warranted").

In this case, the habeas petition is untimely (ECF No. 16). For that reason, and because new rules of constitutional law do not apply retroactively in federal habeas proceedings, Warden Hooper respectfully opposes the request to stay the proceedings.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon petitioner

by mailing a copy, postage pre-paid, to:

> Joseph Laue, # 520423
> Elayn Hunt Correctional Center
> 6925 Highway 74
> St. Gabriel, LA 70776

This <u>25th</u> day of <u>August</u>, 20<u>25</u>, at Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan
Assistant District Attorney
